Filing # 63888881 E-Filed 11/07/2017 03:47:21 PM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2017-CA-005651
DIVISION: CV-A

ACE IMAGER, INC., a Florida corporation and PINNACLE COMMUNICATIONS INTERNATIONAL, INC., a Florida corporation,

 Plaintiffs,

vs.

PROGEN COMPANY d/b/a AURA IMAGING, INC., a foreign corporation, GUY COGGINS, an individual and SUSAN COGGINS, an individual,

 Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, ACE Imager, Inc. ("ACE") and Pinnacle Communications International, Inc. ("Pinnacle"), by and through their undersigned counsel, sues Defendants, Progen Company d/b/a Aura Imaging, Inc. (the "Company"), Guy Coggins, and Susan Coggins, and allege as follows:

## Parties, Venue & Jurisdiction

1. This is an action for breach of contract, fraudulent misrepresentation and negligent misrepresentation with damages in excess of $15,000.00, exclusive of costs, interest, and attorney's fees.

2. ACE is a Florida corporation with its principal place of business in Jacksonville, Duval County, Florida.

3. Pinnacle is a Florida corporation with its principal place of business in Jacksonville, Duval County, Florida.

4. Defendant Company is a California corporation with its principal place of business in Redwood City, California.

5. Mr. and Mrs. Coggins are a married couple who own Defendant Company and live in Redwood City, California.

6. Venue is proper in this Court as the cause of action arose in Jacksonville, Duval County, Florida where Defendant Company failed to perform its obligations under the parties' agreement and where the Coggins committed a tort.

7. The Court has personal jurisdiction over Defendant Company as Defendant Company breached a contract requiring performance in Florida pursuant to Fla. Stat. § 48.193(1)(a)(7) and Defendant Company has carried on a business venture in Florida, pursuant to Fla. Stat. § 48.193(1)(a)(1). Further, pursuant to Fla. Stat. § 48.193(1)(a)(2), the Coggins are subject to personal jurisdiction as they committed a tort in Florida.

## General Allegations

8. Defendant Company and its owners, the Coggins, represented to Plaintiffs that Defendant Company owned the technology, software, equipment, and source code associated with an "aura package". An aura package is a cutting-edge method of providing biofeedback to a user.

9. Guy Coggins and Susan Coggins traveled to Florida to meet with Plaintiffs in late January of 2017 to negotiate the terms of a potential business relationship to market and sell the aura package.

10. At that meeting in Jacksonville on January 31, 2017, the Coggins told Plaintiffs that Defendant Company owned all of the technology, software, and source code related to the aura package.

11. Based on the Coggins' representation regarding ownership of the technology and source code, the parties entered into several oral agreements at that meeting on January 31, 2017.

12. Specifically, Ace and Defendant company entered into an oral agreement. The oral agreement was confirmed by the Letter of Agreement signed by both parties on or about February 24, 2017. The Letter of Agreement contains a confidentiality provision, and as such is not being filed in the public record but has been provided to opposing counsel.

13. Likewise, Pinnacle and Defendant Company reached an oral agreement for Pinnacle to design and implement a web-based platform to facilitate the sale of the aura package.

14. In an email, dated February 10, 2017, Plaintiffs' representative sent Defendant Company two agreements to confirm their earlier oral agreements.

15. The first was the Letter of Agreement, which specifically states, "Simultaneously herewith, Aura has executed a Brand Manager Agreement with Pinnacle, pursuant to which Pinnacle will design and implement a web-based platform and perform hosting services to facilitate sales of the Aura Package".

16. The second agreement was the above-referenced Brand Manager Agreement. Collectively, the Letter of Agreement and the Brand Manager Agreement will be referred to as the "Agreements". The Brand Manager Agreement likewise contains a confidentiality provision, and as such is not being filed in the public record but has been provided to opposing counsel.

17. Pinnacle does not have a signed version of the Brand Manager Agreement, but by executing the Letter of Agreement – referencing and incorporating the Brand Manager Agreement -- and through email and oral communications with Pinnacle's representatives, Defendant Company expressed its intent to be bound by the Brand Manager Agreement. Further, Defendant Company performed the initial obligations of the Brand Manager Agreement, including training under the Brand Manager Agreement,

registering other users, creating radio ads for its cash back brand, and earning money from Pinnacle, consistent with the Brand Manger Agreement.

18. As part of the Letter of Agreement, Defendant Company agreed to provide technology, software, equipment, and source code to ACE in Jacksonville. Further, Defendant Company agreed to sell the physical material to ACE in Jacksonville for ACE's assembly and ultimately for sale by Pinnacle.

19. The Letter of Agreement then provided how the profits and costs would be allocated among the parties.

20. Contrary to the Letter of Agreement, Defendant Company failed to provide the technology, software, material, and source code to ACE in Jacksonville.

21. When ACE contacted Defendant Company about its failure to perform, Defendant Company stated the Company did not own all of the rights to the technology and source code.

22. All conditions precedent to the filing of this action have occurred, been waived, or otherwise been satisfied.

### COUNT I – BREACH OF CONTRACT (LETTER OF AGREEMENT)
(as to ACE and Defendant Company)

23. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 22 above as if fully set forth herein.

24. The parties have binding and enforceable agreement, namely the Letter of Agreement.

5

25. ACE fully performed its obligations under the Letter of Agreement.

26. Defendant Company has breached the Letter of Agreement in several ways. Defendant Company has failed to provide the technology, software, and source code to ACE, and Defendant Company has failed to sell the physical material to ACE in Florida.

27. As a result of Defendant Company's breach, ACE has been damaged.

28. ACE's damages include its lost profits and expenses in preparing to market and sell the aura package.

WHEREFORE, Plaintiffs, ACE Imager, Inc., demands judgement against Defendant, Progen Company d/b/a Aura Imaging, Inc., in an amount to be proven at trial, plus costs, interest, and all other relief the Court deems just and proper.

### COUNT II – FRAUDULENT MISREPRESENTATION
(As to Plaintiffs and Coggins)

29. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 22 above as if fully set forth herein.

30. On January 31, 2017 at Plaintiffs' offices in Jacksonville, Plaintiffs' representatives made a presentation via PowerPoint, and as part of the presentation specifically Plaintiffs' representatives asked the Coggins who owned the technology and source code for all of the programs.

31. In response to the question, the Coggins made a false statement of a material fact, specifically, that Defendant Company had all rights to the technology and source code for the aura package.

6

32. While in Jacksonville and meeting with Plaintiffs, the Coggins knew that Defendant Company did not own all of the rights to the technology and source code. Yet, the Coggins affirmatively told Plaintiffs that Defendant Company owned all of the rights to the technology and source code.

33. The Coggins intended to induce Plaintiffs to enter into the Agreements based on their false representation.

34. Plaintiffs relied on the Coggins' false statements, and the Plaintiffs have been damaged.

35. Specifically, Pinnacle expended significant funds developing a web-based platform for the Defendant Company as well as other expenses, and ACE expended money on marketing and developing the product as well as other expenses.

WHEREFORE, Plaintiffs, ACE Imager, Inc. and Pinnacle Communications International, Inc., seek damages against Guy Coggins and Susan Coggins, in an amount to be proven at trial, plus costs, interest, and all other relief the Court deems just and proper.

### COUNT III – NEGLIGENT MISREPRESENTATION
(As to Plaintiffs and Coggins)

36. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 22 above as if fully set forth herein.

37. On January 31, 2017 at Plaintiffs' offices in Jacksonville, Plaintiffs' representatives made a presentation via PowerPoint, and as part of the presentation

7

Plaintiff's representatives specifically asked the Coggins who owned the technology and source code for all of the programs.

38. In response, the Coggins made a false statement of a material fact, specifically, that Defendant Company had all rights to the technology and source code for the aura package.

39. The Coggins were negligent in making the statement regarding the ownership of the technology and source code because they should have known that the representation was false.

40. The Coggins intended to induce Plaintiffs to rely on the false statement and to enter into the Agreements based on their false representation.

41. As a result of the Coggins' false statements, the Plaintiffs have been damaged in justifiable reliance on the false statements.

42. Specifically, Pinnacle expended significant funds developing a web-based platform for the Defendant Company as well as other expenses, and ACE expended money on marketing and developing the product as well as other expenses.

WHEREFORE, Plaintiffs, ACE Imager, Inc. and Pinnacle Communications International, Inc., seek damages against Defendants, Guy Coggins and Susan Coggins, in an amount to be proven at trial, plus costs, interest, and all other relief the Court deems just and proper.

                MILAM HOWARD NICANDRI
                GILLAM & RENNER, P.A.


By:   */s/ Michael T. Fackler*
      Michael T. Fackler
      Florida Bar No.: 612421
      14 East Bay Street
      Jacksonville, Florida 32202
      Tel: (904) 357-3660
      Fax: (904) 357-3661
      Primary: mfackler@milamhoward.com
      Secondary: sphipps@milamhoward.com

      ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of November, 2017, pursuant to Rule 2.516, Fla. R. Jud. Admin., a true and correct copy of the foregoing has been electronically-filed via the Florida E-Filing Portal, which will cause an electronic copy to be delivered to the following:

Neil L. Henrichsen, Esq.          Nhenrichsen@hslawyers.com
Helen H. Albee, Esq.             Halbee@hslawyers.com
Henrichsen Siegel, P.L.L.C.
301 West Bay Street, 14th Floor
Jacksonville, Florida 32202
*Counsel for Defendants*


                */s/ Michael T. Fackler*
                    Attorney